Anthony J. Di Giovanna, J.
This is a motion to dismiss an amended third-party complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The motion is made on alternative grounds, that is, under subdivision 4 of rule 106 of the Rules of Civil Practice and on the further ground that it is insufficient as a third-party complaint under section 193-a of the Civil Practice Act. It appears to me that when the attorney for the third-party plaintiff said in his affidavit that the main action is not one in fraud but one predicated upon alleged violations by the defendant of a provision in the bonds in question, he said so with tongue in cheek. The gravamen of the complaint is clearly one which alleges fraudulent acts by the defendant Loushay, as one of the directors of Roberts, and acts of misfeasance on his part. Incidentally, the court regards the affidavits as memoranda of law only.
The complaint states that prior to September 30, 1953 the defendant was president of Roberts and the other defendants were officers. Apparently only Loushay has been served with a summons. The complaint further alleges that prior to October 1, 1946 plaintiff was owner of certain shares of Roberts preferred stock; that on or before September 30, 1953 the defendants were owners of common stock of Roberts; that on October 1, 1946 plaintiff at the special instance and request of Roberts, exchanged his preferred stock for Roberts’ 20-year promissory notes; that on or about November 1, 1946 additional promissory notes were purchased; that on or about September 30, 1953 the unpaid principal amounts totalled $150,000; that the notes contained the following provision: “The Company agrees that so long as this Note is outstanding, the Company will not sell, convey, lease or mortgage all or substantially all of the assets of the Company without first obtaining the consent of the holders of two-thirds in principal amount of the then outstanding Notes of which this Note is one ”; that on or about September 30, 1953 each of the defendants knew of the existence of that provision in the notes; that despite such knowl *610 edge the defendants caused a mortgage to be made upon all or substantially all of the real and personal assets of Roberts without giving any notice whatsoever to the plaintiff or other note-holders. The complaint further alleges that the acts were deliberate, intentional and with the express and actual intent of defrauding, hindering and delaying the collection and enforcement of the obligations represented by the notes; that knowledge of the making of this mortgage was not conveyed to the plaintiff or other noteholders until September 7, 1955; that 30 days after the execution of the mortgage there became due and owing to the plaintiff the full unpaid balance of the notes, with unpaid interest; that at the time that the mortgage was made, the mortgagee paid to Roberts money greater than the amount of the balance then due to the plaintiff upon her notes; that said money should have been deposited by Roberts in its bank account; that consequently these moneys should have become available for the satisfaction of the notes; that the defendants deliberately concealed from the plaintiff those facts concerning the receipt of the money so that when the plaintiff learned of the facts on September 7, 1955 the notes had become uncollectible; that during the period from September 30, 1953 to September 7, 1955 Loushay caused the moneys received from the mortgagee to be utilized for the benefit of the stockholders of the corporation and creditors of the corporation other than the plaintiff and for the benefit of the defendants; that on September 7, 1955 the plaintiff was notified that the mortgage was in default; that the assets of the corporation were about to be foreclosed and that the notes have become of little or no value; that as a result of these acts of the defendant the plaintiff was compelled to accept 20% of the total amount in full payment of the notes; that all of the foregoing acts of the defendant constituted a fraud upon the plaintiff, with knowledge by the defendant Loushay thereof, and with the intention of Loushay to conceal their acts from the plaintiff with the intent of hindering, delaying and defrauding the plaintiff as an obligee under the notes.
By the third-party complaint served by Loushay upon the Roberts Company, Loushay claims indemnification under the by-laws of Roberts Company. That by-law reads as follows:
‘ ‘ Article IV.— Indemnification.
“ The Corporation shall indemnify each present and future director and officer of the Corporation against, and each such director and officer shall be entitled without further act on his *611 part to indemnity from the Corporation, for, all expenses (including the amount of judgments and the amount of reasonable settlements made with a view to the curtailment of costs of litigation, other than amounts paid to the Corporation itself) reasonably incurred by him in connection with or arising out of any action, suit or proceeding in which he may be involved by reason of his being or having been a director or officer of the Corporation or of any company or corporation which he serves as a director or officer at the request of the Corporation, whether or not he continues to be such director or officer at the time of incurring such expenses; provided, however that such indemnity shall not include any expenses incurred by any such director or officer (a) in respect of matters as to which he shall be finally adjudged in any such action, suit or proceeding to have been derelict in the performance of his duty as such director or officer, or (b) in respect of any matter in which any settlement is effected, to - an amount in excess of the amount of expenses which might reasonably have been incurred by such director or officer in conducting such litigation to a final conclusion; provided, further, that in no event shall anything herein contained be so construed as to protect, or to authorize the Corporation to indemnify, such director or officer against any liability to the Corporation or to its security holders to which he would otherwise be subject by reason of his wilful misfeasance, bad faith, gross negligence or reckless disregard of the duties involved in the conduct of his office as such director or officer. The foregoing right of indemnification shall inure to the benefit of the heirs, executors or administrators of each such director or officer and shall be in addition to all other rights to which such director or officer may be entitled as a matter of Law.”
In other words, Loushay’s claim is that the by-laws direct the corporation to reimburse him for any moneys he would be called upon to pay the plaintiff by reason of his acts of fraud and misfeasance or other tortious consequences.
Of course, in considering this motion, the court disregards the affidavits as such, but regards them only as briefs. There is nothing, in my opinion, in the by-laws which would authorize or permit indemnification under the circumstances appearing in the pleadings in this case. In the absence of any express undertaking to indemnify Loushay for his own acts of misfeasance, fraud or other tortious acts, the third-party complaint is inadequate and insufficient as a matter of law. As a matter of fact, the clause so provides that no indemnification *612 is available for willful misfeasance, bad faith, gross negligence or reckless disregard of the duties involved in the office of director or officer. Consequently, the motion to dismiss the third-party complaint as insufficient in law is granted by reason of the provisions of subdivision 4 of rule 106 of the Rules of Civil Practice and section 193-a of the Civil Practice Act.
Submit order.